# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER MCCOOK, | DOCKET NUMBER |
| Appellant, | SF-0752-14-0389-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND | DATE: August 3, 2015 |
| URBAN DEVELOPMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher McCook</u>, Fontana, California, pro se.

<u>Eric D. Batcho</u>, <u>Eric D. Levin</u>, and <u>Kimberly J. Lenoci</u>, Boston, Massachusetts, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision to remove him from Federal service. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to amend the due process analysis, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The agency removed the appellant from his position as an Underwriter, GS-1101-12, based on his guilty pleas and agreement with the District Attorney of San Bernardino, California. Initial Appeal File (IAF), Tab 12 at 155-61. The appellant pled guilty to three felony counts of stalking, two felony counts of making criminal threats, and one felony count of computer access fraud. *Id.* at 121-23. The appellant appealed his removal and waived his right to a hearing. IAF, Tabs 1, 16. The administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 22, Initial Decision (ID).

¶3      The appellant has filed a petition for review alleging that he was denied due process. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

<u>The appellant was provided with due process.</u>

¶4      The appellant does not dispute that he pled guilty to numerous felony charges.[2]  PFR File, Tab 1 at 5.  The appellant raises a single issue on review: whether the agency violated his right to due process when the deciding official considered the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), in determining the appropriate penalty without giving him advance notice.  PFR File, Tab 1 at 6.  The appellant argues that the notice of proposed removal does not mention any of the *Douglas* factors that the agency considered in rendering its decision.  *Id.* at 7.  The administrative judge found that, although there is no explicit reference to the *Douglas* factors in the proposal notice, the substance of several of the *Douglas* factors was included in the proposal notice's narrative, and therefore consideration of these *Douglas* factors in the decision did not violate the appellant's right to due process.  ID at 5-6. The administrative judge found that the *Douglas* factors not substantively discussed in the proposal notice constituted ex parte information, but because the information was not likely to cause prejudice, the appellant was afforded due process.  ID at 6-10.

¶5      The essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, with an explanation of the evidence, and an opportunity for the employee to present his account of events. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).  To require more prior to a termination, "would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."  *Id.* When an agency intends to rely on aggravating factors as the basis for imposing a penalty, such factors should be included in the advance notice of the adverse

---

[2]  The appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings that the agency met its burden of proving the charge and that the appellant failed to establish his claim of retaliation for protected equal employment opportunity activity.  ID at 2-4.

action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official.  *Lopes v. Department of the Navy*, [116 M.S.P.R. 470](), ¶ 5 (2011).  If an employee has not been given notice of any aggravating factors supporting an enhanced penalty, an ex parte communication with the deciding official regarding such factors may constitute a constitutional due process violation because it potentially deprives the employee of notice of all the evidence being used against him and the opportunity to respond to it.  *Ward v. U.S. Postal Service*, [634 F.3d 1274](), 1280 (Fed. Cir. 2011).  Ultimately, we must determine whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances.  *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](), 1377 (Fed. Cir. 1999).

*Douglas factors 1, 2, and 5*

¶6       Considering *Douglas* factors that were not included in the proposal in reaching a decision can evidence ex parte communications when information in addition to what was included in the proposal notice is used in analyzing those factors.  *See, e.g.*, *Lopes*, [116 M.S.P.R. 470](), ¶¶ 8-10.  Regarding *Douglas* factor 1 (the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated, *Douglas*, 5 M.S.P.R. at 305), *Douglas* factor 2 (the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position, *id.*), and *Douglas* factor 5 (the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon the supervisors' confidence in the employee's ability to perform assigned duties, *id.*), there is no evidence that the deciding official considered anything other than the proposal notice and the documents attached to it.  The appellant relies on *Ward* and *Stone* to support his argument that he was denied due process, but in those cases the deciding

officials admitted to relying on information that was not contained in the proposal notice. There is no similar admission in this case and no evidence from which we can otherwise conclude that the deciding official relied on information not provided to the appellant in the notice of proposed removal and its attachments. We agree with the administrative judge's finding that the appellant was given adequate notice in the notice of proposed removal that the agency would consider *Douglas* factors 1, 2, and 5 as aggravating to provide him with due process. ID at 5-6.

### *Douglas factors 7 and 8*

¶7 Next, the appellant argues that the administrative judge erroneously concluded that the deciding official did not violate his right to due process by considering two other *Douglas* factors: *Douglas* factor 7 (the consistency of the penalty with the agency's table of penalties, *Douglas*, 5 M.S.P.R. at 305) and *Douglas* factor 8 (the notoriety of the offense or its impact upon the reputation of the agency, *id.*). ID at 6-11. The administrative judge found that, in weighing these factors, the deciding official considered "ex parte" information that was not mentioned in the notice of proposed removal but no due process violation occurred because the information was not "new and material" under the *Stone* factors. ID at 6-7, 9-10; *see Stone*, 179 F.3d at 1377. We agree with the administrative judge's conclusion that no due process violation occurred, but for a different reason. We find that the record establishes that, in addressing these two *Douglas* factors, the deciding official did not consider any ex parte information or "aggravating factors" that were not adequately identified in the notice of proposed removal. Thus, no due process violation occurred.

¶8 The notice of proposed removal stated that the removal was being proposed in accordance with the agency's Adverse Actions Handbook, which describes in general terms how each of the *Douglas* factors is used in determining a reasonable penalty and includes the agency's table of offenses and penalties. IAF, Tab 12 at 89, 187, 197-207. Further, the deciding official did not consider

"consistency" with the table of penalties as an "aggravating" factor. *Cf. Harding v. U.S. Naval Academy*, 567 F. App'x 920, 925 (Fed. Cir. 2014) (holding that "the fact of consistency with other decisions was not used as an aggravating factor, and thus due process would not require that the employee be given advance notice of the deciding official's intent to consider the penalties imposed on others"). Rather, the deciding official indicated that removal was within the recommended range of penalties for criminal conduct and that removal was warranted because the appellant's actions and guilty pleas "constituted an egregious situation and have a direct nexus to [his] position." IAF, Tab 12 at 157. The deciding official's conclusion was thus based on the nature of the appellant's conduct and its nexus to his position, as charged in the notice of proposed removal, and not on any new information unknown to the appellant.

¶9     Regarding *Douglas* factor 8, the deciding official wrote as follows:

> Allowing you to remain at HUD would have a severe adverse impact on the reputation of the agency. Your actions and guilty plea are common knowledge amongst your co-workers with Criminal Protective Orders against you and other HUD employees. The notoriety of your offense undermines the trust and confidence that HUD employees and the public generally have for the agency. This is an aggravating factor.

*Id.* The administrative judge found that because the notoriety of the offense was not overtly discussed in the notice of proposed removal this constituted an ex parte communication. ID at 6-7. The administrative judge found, though, that this ex parte information did not violate the appellant's right to due process because the notoriety of the offense was discussed in the decision to indefinitely suspend the appellant that was attached to the notice of proposed removal. ID at 7-9. The appellant argues that the differences between the *Douglas* factor analysis in the indefinite suspension and the removal are "too great" for the indefinite suspension to have provided him with notice of the aggravating factors the deciding official considered in the removal. PFR File, Tab 1 at 8-12.

¶10     We find that the proposal letter provided the appellant with adequate notice of the facts the deciding official considered concerning the notoriety of the offense.  Specifically, the notice of proposed removal noted "considerable concerns" regarding the appellant's ability to perform in his "important position" in which he would be in contact with at least one of the victims he pled guilty to stalking and would have access to a computer program containing very sensitive personal data.  IAF, Tab 12 at 90.  The proposing official further noted that the appellant had been issued Criminal Protective Orders to remain 100 yards from four agency employees.  *Id.*  Although the notice letter did not expressly discuss these facts in terms of the notoriety of the offense or its impact upon the agency's reputation, the appellant was not deprived of due process by not being advised that the deciding official might draw such an inference from the nature of the information in the notice of proposed removal.  *See Harding*, 567 F. App'x at 925-26 (finding no due process violation because the deciding official was merely drawing a conclusion that flowed naturally from the nature of the charged conduct); *see also Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 13 (2014) (determining that due process does not require that an employee be informed in advance of the particular weight a deciding official will give to arguments made in response to the reasons specified in the proposal letter).

¶11     We find that the appellant was on fair notice of the relevance of *Douglas* factors 7 and 8 and the facts the deciding official weighed in assessing these factors.  Thus, the agency's failure to discuss these factors with more specificity in its proposal notice was not "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."  *Stone*, 179 F.3d at 1377.

*Douglas factors 3, 4, 6, 9, 10, 11, and 12*

¶12     The appellant argues for the first time on review that his due process rights also were violated when the agency failed to give him advance notice that the remaining *Douglas* factors would be considered in deciding whether to remove

him from Federal service.  PFR, File Tab 1 at 6.  The Board generally will not consider an argument raised for the first time in the petition for review, absent a showing that it is based on new and material evidence which despite due diligence was not available prior to the closing of the record.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115.  The administrative judge conducted a close of record conference with the parties and provided them with an opportunity to file additional evidence and arguments prior to closing the record.  IAF, Tab 19.  Both parties filed closing briefs.  IAF, Tabs 20-21.  The appellant did not allege then that the agency violated his right to due process in connection with these *Douglas* factors in his closing brief and he has not made a showing now that these arguments are based on new and material evidence.  Therefore, we will not consider his new arguments on review.

The agency did not commit harmful procedural error.

¶13    Although we have found no constitutional violation, we still must consider whether the agency committed harmful procedural error.  *See Stone*, 179 F.3d at 1377-78 (stating that, in addition to the protections afforded by the Constitution, public employees also are entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure).  In arriving at its decision, an agency must only consider the reasons specified in the notice of proposed action and any answer the employee or his representative made.  5 C.F.R. § 752.404(g).  Although an agency is required to state the reasons for a proposed adverse action in sufficient detail to allow the employee to make an informed reply, the charge must be viewed in light of the accompanying specifications and circumstances, and should not be technically construed.  *Spearman v. U.S. Postal Service*, 44 M.S.P.R. 135, 139 (1990).  Here, as discussed above, the notice of proposed removal provided sufficient details regarding the charges and aggravating factors for the appellant to have made an informed reply in light of the surrounding circumstances.

¶14　　Further, even assuming the agency erred by not providing additional information regarding its *Douglas* factor analysis in the notice of proposed removal, the appellant has failed to demonstrate that such an error was harmful. Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.　*Tom v. Department of the Interior*, 97 M.S.P.R. 395, ¶ 43 (2004).　Here, the appellant has not shown harmful error.　He did not respond to the notice of proposed removal, IAF, Tab 20 at 14, and has not established that the agency would have reached a different conclusion if he had been provided additional information in the notice of proposed removal. Consequently, we find that the agency did not commit harmful procedural error by not including more information regarding its analysis of the *Douglas* factors in the notice of proposed removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.　5 C.F.R. § 1201.113.　You have the right to request further review of this final decision.

Discrimination Claims:　Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).　*See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).　If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.